UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISAAC MARTINEZ, | ) | 1:11-cv−00215-OWW-SKO-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITIONER'S FIRST, |
| | ) | SECOND, THIRD, AND FIFTH CLAIMS |
| v. | ) | WITHOUT LEAVE TO AMEND FOR |
| | ) | FAILURE TO STATE A COGNIZABLE |
| JAMES D. HARTLEY, | ) | CLAIM (Doc. 1) AND TO DECLINE |
| | ) | TO ISSUE A CERTIFICATE OF |
| Respondent. | ) | APPEALABILITY |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATIONS TO |
| | | DISMISS PETITIONER'S FOURTH CLAIM |
| | | WITH LEAVE TO AMEND (Doc. 1) |

**OBJECTIONS DEADLINE:
THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on February 8, 2011.

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make

1

a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Petitioner, an inmate of the California State Prison at Avenal, California, is serving a sentence of ten (10) years to life imposed by the Los Angeles Superior Court in case number VAO24361 on June 14, 1993. (Pet. 4.) Petitioner challenges a decision of California's Board of Parole Hearings (BPH), which

2

became final on August 12, 2009, after a hearing held on April 14, 2009.  The BPH denied parole for five years.  (Id.)

Petitioner raises the following grounds:  1) there was no evidence supporting the denial of parole, and thus Petitioner suffered a violation of due process of law with respect to his liberty interest; 2) there was no evidence of any nexus between the reasons for parole denial and the crime or between the decision and public safety; 3) the BPH violated Petitioner's right to due process of law in relying on Petitioner's confession, which was obtained in violation of Petitioner's privilege against self-incrimination; 4) the trial court's sentencing Petitioner under Cal. Pen. Code, § 667.5 violated Petitioner's rights to due process of law and double jeopardy under the Fifth and Fourteenth Amendments; and 5) the BPH failed to provide an individualized consideration of the parole suitability factors.  (Pet. 8-15, 28, 32.)  Petitioner also requests "proof of claims" concerning various aspects of the BPH and the California and federal governments. (Pet. 35-39.)[1]  Petitioner seeks a new parole hearing.  (Pet. 40.)

Petitioner attaches to his petition a transcript of the hearing before the BPH held at Avenal State Prison on April 14, 2009.  (Pet. 44-129.)  The transcript reflects that Petitioner appeared at the hearing, responded to questions from the commissioners, made a closing statement, and was represented by counsel who participated on Petitioner's behalf.  (Pet. 46, 47, 50-77, 71-72, 77-109, 111-19.)  The transcript further reflects

---

[1] The Court understands the requests to be prayers for relief and thus does not analyze them as potential claims.

3

that after a brief recess, the board stated its reasons for denying parole. (Pet. 120-28.)

II. <u>Failure to Allege a Claim Cognizable on Habeas Corpus</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert. denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000); <u>Wilson v. Corcoran</u>, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. <u>Swarthout v. Cooke</u>, 562 U.S. -, - S.Ct. -, 2011 WL 197627, *2 (No. 10-133, Jan. 24, 2011).

However, the procedures required for a parole determination are the minimal requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979).[2]

---

[2] In <u>Greenholtz</u>, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. <u>Id.</u> at

4

Swarthout v. Cooke, 2011 WL 197627, *2. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 2011 WL 197627, *2. The Court concluded that the petitioners had received the following process that was due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive

---

16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. The Court reasoned that because there is no constitutional or inherent right of a convicted person to be released conditionally before expiration of a valid sentence, the liberty interest in discretionary parole is only conditional and thus differs from the liberty interest of a parolee. Id. at 9. Further, the discretionary decision to release one on parole does not involve restrospective factual determinations, as in disciplinary proceedings in prison; instead, it is generally more discretionary and predictive, and thus procedures designed to elicit specific facts are unnecessary. Id. at 13. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

5

federal requirement, and correct application of California's "some evidence" standard is not required by the federal Due Process Clause. Id. at *3.

Petitioner's first and second claims concerning the absence of evidence to support the decision and to demonstrate a nexus between Petitioner's offense or history and the public safety are essentially claims concerning the merits of the decision and the sufficiency of the evidence to support the decision. Likewise, Petitioner's third claim concerning the BPH's reliance on Petitioner's confession also challenges the quality or sufficiency of the evidence to support the decision. In these claims, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Swarthout, 2011 WL 197627, *3. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254.

Petitioner's fifth claim concerning the BPH's failure to give an individualized consideration of the state's substantive factors of parole suitability is also foreclosed by Swarthout. Due process of law requires only that Petitioner have an opportunity to be heard; it does not require any specific degree of individualized consideration.

With respect to amendment of the petition, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th

6

1  Cir. 1971).

2  Petitioner did not allege that the procedures used for
3  determination of his suitability for parole were deficient
4  because of the absence of an opportunity to be heard or the lack
5  of a statement of reasons for the ultimate decision reached.
6  However, the documentation that Petitioner submitted with the
7  petition demonstrates that Petitioner cannot state a tenable
8  claim for relief based on a violation of due process with respect
9  to his first, second, third, and fifth claims.  Petitioner
10 attended the parole hearing and had the right to speak at the
11 hearing and to contest the evidence against him.  Petitioner's
12 counsel exhibited familiarity with Petitioner's record (pet. 71),
13 and thus it may be concluded that there was effective access to
14 Petitioner's records in advance of the hearing.  Petitioner's
15 submission to this Court of the decision of the BPH in which the
16 reasons were stated warrants the conclusion that Petitioner
17 received a statement of reasons why parole was denied.  (Pet.
18 120-28.)

19 Accordingly, it is concluded that with respect to the first,
20 second, third, and fifth claims, Petitioner could not state a
21 tenable due process claim for relief.  Thus, leave to amend
22 should not be granted with respect to these claims.

23 Petitioner's fourth claim concerns the sentencing court's
24 application of a state statute (Pen. Code § 667.5) at
25 Petitioner's sentencing in 1993.  Petitioner alleges that
26 enhancement of his sentence under California's habitual criminal
27 laws was erroneous, constituted multiple punishment in
28 contravention of the Fifth Amendment's protection against double

7

jeopardy, and was a violation of due process.

Preliminarily the Court notes that this particular claim appears to address the conduct of the sentencing court and not the BPH.  However, in other parts of the petition, Petitioner noted that his criminal record was used against him to deny parole.  (Pet. 42.)  He also alleged that use of his prior convictions to deny parole was erroneous based on the nature of his criminal history.  (Pet. 23-24.)  Petitioner may be attempting to argue that the board's consideration or weighing of this evidence constituted a violation of the Federal Constitution's Due Process Clause.  To the extent Petitioner raises this claim, the preceding analysis based on Swarthout applies, and the claim is foreclosed.

To the extent that this claim rests on the application of the state's sentencing law, it is not cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  Alleged errors in the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

With respect to due process, it is established that the Sixth and Fourteenth Amendments do not require proof of the fact of a prior conviction to a jury beyond a reasonable doubt in order to use the prior conviction to increase a sentence.  Butler v. Curry, 528 F.3d 624, 643-44 (9th Cir. 2008).

///

Insofar as Petitioner alleges that the trial court's enhancement of his sentence resulted in multiple punishments prohibited by the prohibition against double jeopardy, Petitioner's claim is devoid of specific facts that point to a real possibility of constitutional error. (Pet. 11.) The Double Jeopardy Clause of the Fifth Amendment protects against not only a second prosecution for the same offense after acquittal or conviction, but also multiple punishments for the same offense. U.S. Const. amend. V; Witte v. United States, 515 U.S. 389, 395-96 (1995). However, reliance on prior convictions or prison terms to enhance punishment for a subsequent offense generally does not constitute imposition of multiple punishments. See, Almendarez-Torres v. United States, 523 U.S. 224, 247 (1998) (noting that recidivism has been the most traditional basis for increasing an offender's sentence, and rejecting a contention that an enhancement for recidivism that significantly increased the sentence must be considered an element of the offense). Generally, the Double Jeopardy Clause requires only that a court not exceed the authorization given to it by the legislature; if the legislature enacts statutes that indicate an intent to impose separate punishments, the statutes define separate offenses, and the punishments do not violate the Double Jeopardy Clause. United States v. Wolfswinkel, 44 F.3d 782, 783-84 (9th Cir. 1995) (Congress); Ohio v. Johnson, 467 U.S. 493, 499 (1984) (state legislature).

Further, California state courts have considered the legislative intent and have upheld the use of prior convictions to enhance a sentence in various contexts. See, e.g., People v.

9

1 Acosta, 29 Cal.4th 105, 128 (2002); People v. Garcia, 25 Cal.4th
2 744, 757-58 (2001); People v. White Eagle, 48 Cal.App.4th 1511,
3 1519-20 (1996).
4     Therefore, Petitioner's generalized allegations do not state
5 a claim cognizable in habeas corpus.
6     It is possible that Petitioner might amend his petition to
7 allege specific facts concerning the use his prior convictions or
8 recidivist history.  However, this claim relates to the conduct
9 of the trial court, and not the conduct of the BPH, which is the
10 gravamen of Petitioner's claims in the present petition.  A claim
11 challenging the Los Angeles County sentence would concern a
12 different judgment of a different tribunal.
13     Rule 2(e) of the Rules Governing Section 2254 Cases in the
14 United States District Courts (Habeas Rules) provides:
15     A petitioner who seeks relief from judgments of more
    than one state court must file a separate petition
16     covering the judgment or judgments of each court.
17 Petitioner thus cannot properly challenge the judgments of two
18 different tribunals in a single proceeding.  Bianchi v. Blodgett,
19 925 F.2d 305, 308-11 (9th Cir. 1991).  Specifically, it is not
20 permissible to challenge both a denial of parole by the BPH and
21 an underlying conviction in the same habeas corpus action.
22 Williams v. Sisto, 2009 WL 3300038, *12 (E.D.Cal. Oct. 14, 2009).
23     Amendment of the present petition to allege facts in support
24 of Petitioner's fourth claim would thus be proper only if the
25 remaining claims against the BPH do *not* go forward in this
26 action; otherwise, the result would be improper joinder of
27 claims.
28 ///

10

In summary, with respect to the fourth claim, Petitioner has not stated a violation of due process of law or other basis for relief.  It is possible that Petitioner could state a tenable claim for relief.  Petitioner should be given an opportunity to amend the present petition if the remaining claims against the BPH are dismissed.  If any of the claims against the BPH remain, then Petitioner's fourth claim should be dismissed without prejudice to refiling it in a separate action.

### III. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  In determining this issue, a court

conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court should decline to issue a certificate of appealability.

IV. Recommendation

Accordingly, it is RECOMMENDED that:

1) Petitioner's first, second, third, and fifth claims be DISMISSED without leave to amend for failure to state a claim cognizable in a habeas corpus proceeding pursuant to 28 U.S.C. § 2254; and

2) Petitioner's fourth claim be DISMISSED with leave to file a first amended petition within thirty days; and

3) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action because this order terminates the proceeding in its entirety.

These findings and recommendations are submitted to the

1 | United States District Court Judge assigned to the case, pursuant
2 | to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of
3 | the Local Rules of Practice for the United States District Court,
4 | Eastern District of California.  Within thirty (30) days after
5 | being served with a copy, any party may file written objections
6 | with the Court and serve a copy on all parties.  Such a document
7 | should be captioned "Objections to Magistrate Judge's Findings
8 | and Recommendations."  Replies to the objections shall be served
9 | and filed within fourteen (14) days (plus three (3) days if
10 | served by mail) after service of the objections.  The Court will
11 | then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
12 | 636 (b)(1)(C).  The parties are advised that failure to file
13 | objections within the specified time may waive the right to
14 | appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
15 | 1153 (9th Cir. 1991).

18 | IT IS SO ORDERED.

19 | **Dated:   February 23, 2011**            **/s/ Sheila K. Oberto**
                                   UNITED STATES MAGISTRATE JUDGE

13