UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MARTINEZ, | ) 1:11-cv—00215-OWW-SKO-HC |
| | ) |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS |
| | ) TO DISMISS WITHOUT LEAVE TO AMEND |
| | ) PETITIONER'S CLAIMS IN THE FIRST |
| v. | ) AMENDED PETITION BASED ON STATE |
| | ) LAW AND CONCERNING THE STATE |
| JAMES D. HARTLEY, | ) POST-CONVICTION PROCESS (DOC. 9) |
| | ) |
| Respondent. | ) FINDINGS AND RECOMMENDATIONS |
| | ) TO REFER THE REMAINING CLAIMS |
| | ) BACK TO THE MAGISTRATE JUDGE |

**OBJECTIONS DEADLINE:
THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the first amended petition (FAP), which was filed on April 25, 2011.

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II. Allegations of the First Amended Petition

Here, Petitioner alleges that he is an inmate of the California State Prison at Avenal, California, serving a sentence of ten (10) years to life imposed in 1993 by the Los Angeles Superior Court in case number VAO24361. (FAP 7.) Petitioner challenges his sentence as well as the Superior Court's handling

2

of a petition for writ of habeas corpus filed by Petitioner in that court in 2009. (Id.)  Petitioner raises the following claims:  1)  his conviction and sentence violated his Fifth Amendment protection against double jeopardy as well as the constitution of California; and 2) his rights under federal law and unspecified portions of the Constitution were violated by the California Superior Court's failure to respond in a timely manner to Petitioner's habeas petition in 2009.  (Id.)

### III. Failure to State a Cognizable Double Jeopardy Claim Based on the California Constitution

Petitioner argues that his sentence to life plus ten years for kidnaping for the purpose of robbery, and the enhancement of his sentence for a prior conviction, prior prison term, arming, and for use of a handgun violated both federal and state constitutional provisions concerning double jeopardy.  (FAP 7, 11.)  Petitioner contends that the enhancement of his sentence constituted punishment for the same offense because the enhancements constituted lesser offenses that were necessarily included in the offense of kidnaping for robbery.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.  Lindh v. Murphy, 521 U.S. 320, 327 (1997), cert. denied, 522 U.S. 1008 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

To the extent that Petitioner relies on the constitution of the state of California, Petitioner has failed to state a claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

///

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitution, federal laws, or treaties of the United States. 28 U.S.C. § 2254(a). Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schaivo, 289 F.3d 616, 623 (9th Cir. 2002).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, Petitioner's claim is deficient not from the absence of facts, but rather because violations of the constitution of the state of California are not subject to this Court's review under 28 U.S.C. § 2254. Given the nature of the defect, the court concludes that granting further leave to amend would be futile. Accordingly, it will be recommended that the claim be dismissed without leave to amend.

IV. Failure to State a Cognizable Claim concerning California's Post-Conviction Processes

Petitioner alleges that after filing a petition for writ of habeas corpus in the Superior Court concerning denial of a parole release date, the court failed to respond to the petition in a timely manner because the petition remained pending for five months. (FAP 7.) Petitioner argues that his constitutional

4

rights under state and federal law to appeal the denial of parole were violated.

As set forth above, to the extent that Petitioner bases his claim on state law, Petitioner has failed to state facts that would entitle him to relief in this proceeding because violations of state law are not in themselves cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

Further, to the extent that Petitioner bases his claim on the Federal Constitution, federal habeas relief is not available to redress procedural errors in the state collateral review process. Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) (claim concerning the alleged bias of a judge in a second post-conviction proceeding for relief); Carriger v. Stewart, 95 F.3d 755, 763 (9th Cir. 1996), vacated on other grounds, Carriger v. Stewart, 132 F.3d 463 (1997) (Brady claim in post-conviction proceedings); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) (claim that a state court's delay in deciding a petition for post-conviction relief violated due process rights). Further, there is no clearly established federal law, as determined by the Supreme Court of the United States, recognizing a due process right to a speedy appeal. Hayes v. Ayers, 632 F.3d 500, 523 (9th Cir. 2011).

Accordingly, Petitioner's claim concerning the five-month delay by the state court in processing Petitioner's habeas petition is not cognizable in this proceeding. Because the lack of a cognizable claim results from the nature of the claim, and not from the absence of factual allegations, granting leave to amend the claim would be futile. It will, therefore, be

recommended that the claim be dismissed without leave to amend.

In summary, Petitioner's claims that are based on state law and that concern the state post-conviction process are not cognizable in this proceeding and must be dismissed without leave to amend. With respect to the remaining claim or claims in the petition, it will be recommended that upon the District Judge's disposition of these findings and recommendations, the action be referred back to the Magistrate Judge for further proceedings.

V. Recommendations

Accordingly, it is RECOMMENDED that:

1) Petitioner's claims based on state law and his claim concerning delay in the post-conviction processes of the state court be DISMISSED without leave to amend; and

2) Upon dismissal of the claims that are not cognizable, the proceeding be REFERRED back to the Magistrate Judge for further proceedings.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

1  636 (b)(1)(C).  The parties are advised that failure to file
2  objections within the specified time may waive the right to
3  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d
4  1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  **Dated:    July 29, 2011**                /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE