1
2
3
4
5
6
7            UNITED STATES DISTRICT COURT

8               EASTERN DISTRICT OF CALIFORNIA

9

10
ISAAC MARTINEZ,              ) 1:11-cv-00215-OWW-SKO-HC
11                           )
             Petitioner,     ) ORDER TRANSFERRING CASE TO THE
12                           ) UNITED STATES DISTRICT COURT FOR
                             ) THE CENTRAL DISTRICT OF
13      v.                   ) CALIFORNIA (DOC. 9)
                             )
14 JAMES D. HARTLEY,         )
                             )
15           Respondent.     )
                             )
16 _____  )

17
18      Petitioner is a state prisoner proceeding pro se and in

forma pauperis with a petition for writ of habeas corpus pursuant
19
to 28 U.S.C. § 2254.  The matter has been referred to the
20
Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local
21
Rules 302 and 304.  Pending before the Court is the first amended
22
23 petition (FAP, doc. 9), which was filed on April 25, 2011.

24      In the initial petition, Petitioner, an inmate of Avenal

State Prison, challenged the denial of his parole.  However, the
25
claim or claims that presently remain in Petitioner's first
26
amended petition (FAP), filed on April 25, 2011, concern
27
Petitioner's conviction, which was suffered in the Los Angeles
28

                              1

Superior Court.

Title 28 U.S.C. § 2241(d) provides as follows which respect to  venue, jurisdiction and transfer in a habeas proceeding pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Although venue is generally proper in either the district of  the prisoner's confinement or the convicting court's location, petitions challenging a conviction preferably are heard in the district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266 (N.D.Cal. 1968); petitions challenging execution of sentence are preferably heard in the district where the inmate is confined, Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989).  A court should further consider traditional considerations of venue, such as the convenience of parties and witnesses and the interests of justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973).

Title 28 U.S.C. § 1406(a) provides that a district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

1    In view of the nature of the claim or claims remaining in
2 the FAP, it is concluded that the interests of justice require
3 that the petition be transferred to the district of conviction.
4    Accordingly, it is ORDERED that the petition be transferred
5 to the United States District Court for the Central District of
6 California.
7
8 IT IS SO ORDERED.
9 **Dated:    September 25, 2011           /s/ Sheila K. Oberto**
                                        UNITED STATES MAGISTRATE JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28