UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC MARTINEZ, | ) 1:11-cv—00215-OWW-SKO-HC |
| Petitioner, | ) ORDER TRANSFERRING CASE TO THE ) UNITED STATES DISTRICT COURT FOR ) THE CENTRAL DISTRICT OF |
| v. | ) CALIFORNIA (DOC. 9) |
| JAMES D. HARTLEY, | ) |
| Respondent. | ) |

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the first amended petition (FAP, doc. 9), which was filed on April 25, 2011.

    In the initial petition, Petitioner, an inmate of Avenal State Prison, challenged the denial of his parole.  However, the claim or claims that presently remain in Petitioner's first amended petition (FAP), filed on April 25, 2011, concern Petitioner's conviction, which was suffered in the Los Angeles

1

1 Superior Court.
2     Title 28 U.S.C. § 2241(d) provides as follows which respect
3 to venue, jurisdiction and transfer in a habeas proceeding
4 pursuant to 28 U.S.C. § 2254:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

13 Although venue is generally proper in either the district of the
14 prisoner's confinement or the convicting court's location,
15 petitions challenging a conviction preferably are heard in the
16 district of conviction, Laue v. Nelson, 279 F.Supp. 265, 266
17 (N.D.Cal. 1968); petitions challenging execution of sentence are
18 preferably heard in the district where the inmate is confined,
19 Dunne v. Henman, 875 F.2d 244, 249 (9th Cir. 1989). A court
20 should further consider traditional considerations of venue, such
21 as the convenience of parties and witnesses and the interests of
22 justice. Braden v. 30th Judicial Circuit Court of Kentucky, 410
23 U.S. 484, 495 (1973).
24     Title 28 U.S.C. § 1406(a) provides that a district court of
25 a district in which is filed a case laying venue in the wrong
26 division or district shall dismiss, or if it be in the interest
27 of justice, transfer such case to any district or division in
28 which it could have been brought.

1  In view of the nature of the claim or claims remaining in
2 the FAP, it is concluded that the interests of justice require
3 that the petition be transferred to the district of conviction.
4  Accordingly, it is ORDERED that the petition be transferred
5 to the United States District Court for the Central District of
6 California.

8 IT IS SO ORDERED.
9 **Dated:   September 25, 2011**            **/s/ Sheila K. Oberto**
                                             UNITED STATES MAGISTRATE JUDGE