UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISAAC A. MARTINEZ, | ) | No. CV 11-7970 DOC (FFM) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |
| v. | ) ) | |
| JAMES D. HARTLEY, WARDEN, | ) ) | |
| Respondent. | ) ) | |

Petitioner, a prisoner in state custody, constructively filed[1] a Petition for Writ of Habeas Corpus on or about February 6, 2011, in the United States District Court for the Eastern District of California ("Eastern District"). Petitioner primarily challenged a 2009 denial of parole (Claims One through Three and Five), but also challenged the sentence he suffered in 1993 upon conviction for kidnaping for robbery with the use of a firearm (Claim Four).

On April 8, 2011, the Eastern District dismissed Claims One through Three and Five without leave to amend and dismissed Claim Four with leave to amend. Petitioner filed a First Amended Petition ("Petition") on April 25, 2011. The Petition raised two claims: (1) his conviction and sentence violated his Fifth Amendment protection against double jeopardy as well as the Constitution of

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

California; and (2) his rights under federal law and unspecified portions of the Constitution were violated by the California Superior Court's failure to respond in a timely manner to Petitioner's habeas petition in 2009.

On September 13, 2011, the Eastern District dismissed that portion of Claim One that relied on state law and Claim Two without leave to amend. The remaining claim only challenging petitioner's 1993 sentence, the Eastern District transferred that claim to the United States District Court for the Central District of California.[2]

1.  **LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

The present proceedings were initiated after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Accordingly, the AEDPA's timeliness provisions apply, including a one-year limitations period which is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(1). For those prisoners whose convictions became final post-AEDPA, the one-year period starts running from the latest of four alternative dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D). *See, e.g.*, *Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001). For prisoners whose convictions became final *pre*-AEDPA, the one year limitations period is deemed to commence on April 25, 1996, the day after AEDPA's enactment date, and to expire one year later on April 24, 1997. *See, e.g., Bryant v. Arizona Attorney Gen.*, 499 F.3d 1056, 1058-59 (9th Cir. 2007).

Direct review in petitioner's case proceeded only before the California Court of Appeal, which modified and affirmed petitioner's conviction on November 7, 1995; petitioner did not file a petition for review in the California

---

[2]Plaintiff was convicted and sentenced in the Superior Court of the State of California for the County of Los Angeles, therefore jurisdiction of the claim challenging the sentence is properly in this Court.

1  Supreme Court.  (Petition at 3.)  A decision of the California Court of Appeal
2  becomes final "30 days after filing."  Cal. R. of Ct. 8.264(b)(1) (West 2006).
3  However, California allows a party ten days after "the decision of the Court of
4  Appeal becomes final" to serve and file a petition for review with the California
5  Supreme Court.  Cal. R. of Ct. 8.500(e)(1) (West 2006).  Accordingly, petitioner's
6  conviction became final on December 18, 1995, forty days after the California
7  Court of Appeal affirmed his conviction.[3]  *Smith v. Duncan*, 297 F.3d 809, 812-13
8  (9th Cir. 2002), *abrogation on other grounds recognized by Moreno v. Harrison*,
9  245 Fed. Appx. 606 (9th Cir. 2007).  Petitioner then had one year, until December
10 18, 1996, to file a petition for writ of habeas corpus in federal court.  *See* 28
11 U.S.C. §2244(d).  Because petitioner waited until February 6, 2011 to file a
12 federal petition, the Petition is untimely, absent statutory or equitable tolling.  *See*
13 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

## 2.      STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review."  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003)

---

[3]The fortieth day after the filing of the Court of Appeal's decision, December 17, 1995, fell on a Sunday.

3

1  (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).  "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge.  *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819.  The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339 F.3d at 1048 n.1).

Here, petitioner does not appear to be entitled to any statutory tolling.  Petitioner alleges that, commencing on November 3, 2009, he filed a series of habeas petitions in state court which, he contends, presented the claims asserted in the Petition to all levels of the California state courts.  But by that time, nearly fourteen years had passed since December 18, 1995, the date on which Petitioner's conviction became final.  As such, none of petitioner's state habeas petitions could have tolled the statute of limitations because the limitation period had already expired before he filed any of those petitions.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of a limitations period that has ended before the state petition was filed"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (holding that state habeas petition filed after expiration of AEDPA limitation period could not toll limitation period "because the limitations period had already run"); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) (application of section 2244(d)(2) "'tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run'") (citation omitted).

///

1  Accordingly, petitioner does not appear to be entitled to any statutory
2  tolling.

### 3. EQUITABLE TOLLING

The AEDPA limitations period also may be subject to equitable tolling, if the petitioner shows that extraordinary circumstances beyond the petitioner's control made timely filing of a federal habeas petition impossible *and* the petitioner has acted diligently in pursuing his rights. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). The petitioner bears the burden of showing that equitable tolling is appropriate. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Nothing in the Petition suggests that petitioner may be entitled to any equitable tolling.

### 4. ORDER TO SHOW CAUSE

Because the Petition does not demonstrate any basis for tolling the statute, the Court orders petitioner to show cause in writing within 15 days of the date of this order why the Petition should not be dismissed as time-barred. If petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed as time-barred and/or for failure to prosecute.

IT IS SO ORDERED.

DATED: October 4, 2011

                                                  /S/ FREDERICK F. MUMM
                                                  FREDERICK F. MUMM
                                            United States Magistrate Judge